SARAMIA
*v.*
COURRÈGÉ.

---

## J. L. MARCIACQ *v.* STEAMER H. M. WRIGHT, CAPTAIN AND OWNERS.

The Act of the Legislature of the 25th of March, 1840, which imposes a fine of $500 on the captain and owners of a boat, when a slave is found aboard without a written permission of the owner, does not make it necessary there should be a conviction in a criminal prosecution to entitle the owner to recover the fine.

A guilty intention is a necessary element in ascertaining whether the penalty under the statute has been incurred, and although the fact of the slave having been found aboard without such permission of his owner, is presumptive evidence of the guilty intention of depriving his master of him and of transporting him out of the State, or from one part of the State to the other, yet such presumption may be rebutted by other evidence.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
    *J. Foulhouze*, for plaintiff.    *C. B. Singleton*, for defendants and appellants.

BUCHANAN, J.    This is an action for wages of a slave hired on board a steamboat without the consent of his master, and for a fine of five hundred dollars, under the provisions of the Act of 25th March, 1840, page 87 of the Session Acts.

The evidence establishes that the slave hired himself on board, as understeward. The steward of the boat, who hired him, and the Clerk, both prove that the slave had a pass, which was filed amongst the boat's papers; but the pass cannot be found, nor do those witnesses recollect whose name was signed to the pass. It is also proved, that the slave was runaway from his master, the plaintiff, during the period that he was employed on board the H. M. Wright, and that plaintiff was offering a reward in the newspapers for his apprehension. It is, therefore, certain that he was ignorant of the fact of his slave being employed on board this boat. When he was found on board the Wright, by persons sent by plaintiff, the slave had no written permission to work there, although he was provided with one afterwards by plaintiff's brother-in-law. But plaintiff does not appear to have sanctioned this act of his

MARCIACQ
*v.*
SBT. WRIGHT.

brother-in-law. On the contrary, he came to town directly on being informed of it by letter, and took the slave from on board the boat.

A question has been made, on the strength of a *dictum* in the case of *Buddy* v. *The Vanleer*, 6 An. 35, that the fine of $500 imposed by the second section of the Act of 1840, could only be inflicted after conviction in a criminal prosecution. There does not appear to be any warrant in the terms of the Act for this doctrine. The second section says : " The said fine shall be incurred when the said slave or slaves shall be found aboard, without a written permission from their owners.''

The evidence shows that the slave *Jacko* was absent (runaway) from his master's service from the last of January until the commencement of September, making seven months ; during all of which time he appears to have been employed on board the steamboat H. M. Wright, at $20 per month, which were paid to himself. The defendants are liable to plaintiff for one hundred and forty dollars, wages of said slave, in addition to five hundred dollars, the legal penalty abovementioned.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended, and that plaintiff recover of *T. D. Clarke*, master of the steamboat H. M. Wright, the sum of six hundred and forty dollars, with privilege on said steamboat, and costs of the District Court ; those of appeal to be paid by plaintiff.

---

#### ON A RE-HEARING.

SPOFFORD, J. A re-hearing has been granted as to one point in this case, namely, the liability of the defendants to pay the plaintiff a fine of $500 for having his slave on board their steamboat without the written permission of his owner.

Our decision upon this point was based upon a very positive and comprehensive clause in the second section of the Act of 1840, page 89. "The said fine shall be incurred, when said slave or slaves shall have been found aboard without a written permission from their owners."

If that clause stood alone, there could be no question of the correctness of our former judgment. The bare fact of finding a slave on board a steamboat, without the required permit, would fix the liability of the master and owners of the boat.

But, upon a survey of all the provisions of this obscurely framed law, it would seem that the Legislature did not intend that the bare fact should constitute the offence or give rise to the severe penalty, but that the fact must be coupled with an intent, of which intent the fact was to be presumptive evidence, to be rebutted only on the testimony of two witnesses not employed on the boat, corroborated by circumstances.

The fact gives rise to a presumption that the captain or owners received the slave on board " *with the intention of depriving his master of him and of transporting him out of the State, or from one part of the State to the other.*" Section 1. The ingredient of a guilty intent is, therefore, a necessary element in ascertaining whether the penalty was incurred. See *Winston* v. *Foster*, 5 Rob. 113.

From the fact, in this case, that plaintiff's slave was found on board the steamer H. M. Wright, without his written permission, the law presumes the guilty intent of the captain to deprive the owner of him.

Has this presumption been rebutted in the mode prescribed by the statute?

In the application for a re-hearing, we are referred to the testimony of two witnesses, *St. German* and *Smithers*, not employed on board, and to various circumstances, to rebut the legal presumption.

Upon a careful review of this evidence, it appears sufficient to establish that *Captain Clark* did not receive the boy on board his boat with intent to deprive his owner of him.

It is, therefore, ordered that the judgment heretofore rendered in this cause be set aside, so far as regards the penalty of $500 ; and that the sum awarded the plaintiff be reduced to one hundred and forty dollars ; and that the judgment in other respects remain undisturbed.

BUCHANAN, J., took no part in the decision on the re-hearing.